# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEVI McRAE LUGINBYHL HAWKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-744-TCK-PJC |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| U.S. DEPARTMENT OF JUSTICE; | ) | |
| CLAIRE V. EAGAN; | ) | |
| ASSISTANT U.S. ATTORNEYS OFFICE; | ) | |
| ASSISTANT U.S. PUBLIC DEFENDERS; | ) | |
| TIMOTHY L. FAERBER; FRED L. STAGGS; | ) | |
| SHANNON MICHELLE McMURRAY; | ) | |
| JOHN DOE; JANE DOE; | ) | |
| TULSA POLICE DEPARTMENT; | ) | |
| WILLIAM DIXON LUNN, JR.; | ) | |
| U.S. ALCOHOL TOBACCO & FIREARMS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On November 3, 2011, Plaintiff Levi McRae Luginbyhl Hawkins ("Hawkins"), a federal prisoner appearing *pro se*, filed a civil complaint (Dkt. # 1) asserting jurisdiction under 42 U.S.C. § 1983 in the United States District Court for the District of Columbia. The complaint was not accompanied by the $350 filing fee. However, Hawkins filed a motion to proceed *in forma pauperis* (Dkt. # 2). By Order filed November 3, 2011 (Dkt. # 3), the case was transferred to this District Court.

**A. Motion to proceed *in forma pauperis***

Upon review of Plaintiff's motion for leave to proceed *in forma pauperis*, the Court finds Plaintiff has been without funds in his institutional account(s) for the period immediately preceding the filing of the complaint and is currently without funds sufficient to prepay the $350 filing fee

required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his institutional account(s) until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

**B. Complaint shall be dismissed**

In his complaint (Dkt. # 1), Hawkins complains of various actions taken by Defendants resulting in his convictions for possession of a firearm after former felony conviction (count one)

and possession of a shotgun with a barrel of less than 18 inches in length (count two).[1] For the reasons discussed below, the Court finds Plaintiff's complaint shall be dismissed without prejudice. His claims are barred by sovereign immunity, judicial immunity, prosecutorial immunity, and/or the holding of Heck v. Humphrey, 512 U.S. 477 (1994).

**1. Standard for dismissal**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See § 1915A(b)(1),(2). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

---

[1] The Court's records reflect that Hawkins is in custody pursuant to a judgment filed December 13, 2007, in N.D. Okla. Case No. 06-CR-206-CVE. He was sentenced to 95 months imprisonment on both counts one and two to run concurrently. He appealed his convictions to the Tenth Circuit Court of Appeals. On April 16, 2009, the Tenth Circuit affirmed. Hawkins has also been denied relief under 28 U.S.C. § 2255 and under the All Writs Act.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**2. Sovereign immunity**

Plaintiff's claims for money damages against the United States and various federal departments and offices are barred by sovereign immunity in the absence of a waiver. See Pleasant v. Lovell, 876 F.2d 787, 793 (10th Cir. 1989). Plaintiff did not identify any waiver of sovereign immunity for the type of claims he asserted, and the Court knows of none. Therefore, Plaintiff's claims against the United States, the U.S. Department of Justice, the U.S. Attorney's Office, the U.S. Public Defender's Office, and the U.S. Bureau of Alcohol Tobacco and Firearms are barred by sovereign immunity and shall be dismissed with prejudice on that basis.

### 3. Judicial/prosecutorial immunity

Plaintiff complains of actions taken against him by United States District Judge Eagan and Assistant United States Attorney Faerber during the course of his criminal proceeding. See Dkt. # 1. In his request for relief, Plaintiff asks for monetary damages from these defendants.

It is well established that "[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion." Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007) (quoting Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006) (citing Mireles v. Waco, 502 U.S. 9, 13 (1991))). Hawkins alleges that Judge Eagan engaged in unconstitutional conduct while presiding over his criminal proceeding. As a result, Judge Eagan was "performing judicial acts and [was] therefore clothed with absolute judicial immunity." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994); see also Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002) (extending judicial immunity to "any judicial officer who acts to either [(1)] resolve disputes between parties or [(2)] authoritatively adjudicate private rights." (internal quote and alterations omitted)). Judge Eagan is entitled to absolute judicial immunity.

The doctrine of absolute prosecutorial immunity similarly bars Hawkins' damage claims against Assistant United States Attorney Faerber. See Hunt, 17 F.3d at 1267. The Supreme Court holds that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The Court in Buckley established a dichotomy between the prosecutor's role as advocate for the State, which demands absolute immunity, and the prosecutor's performance of investigative functions, which warrants only qualified immunity. Id. at 273-74. Hawkins' allegations of the prosecutor's

5

wrongdoing arise from his preparation of, and performance during, Hawkins' criminal trial. Therefore, Buckley dictates that the prosecutor enjoys absolute prosecutorial immunity.

### 4. Claims against court-appointed attorneys fail to state a claim

Plaintiff also seeks to recover money damages from attorneys who provided representation in his criminal case. Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law. It does not apply, however, to a person acting under color of federal law. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 398 n.1 (1971) (Harlan, J., concurring); Haley v. Walker, 751 F.2d 284, 285 (8th Cir. 1984). Because Defendants McMurray, Staggs, and Lunn were appointed by a federal court, an action cannot be brought against them under § 1983. Haley, 751 F.2d at 285.

But even if Hawkins' pleadings are liberally construed to assert a claim under Bivens, he has failed to state a claim. To raise a Bivens claim, Hawkins must show that his attorneys were federal officers acting under color of federal law. Bivens, 403 U.S. at 389. It is well-established that a private attorney, appointed by a state court, is not a state actor for the purposes of § 1983. Lemmons v. Law Firm of Morris & Morris, 39 F.3d 264, 266 (10th Cir. 1994); cf. Zapata v. Public Defenders Office, 252 Fed.Appx. 237, 239 (10th Cir.2007) (unpublished) ("Although a public defender may be paid with state funds, she acts independent of the state's authority, and instead exercises her independent judgment in representing a criminal defendant."). "By analogy, an attorney appointed by a federal court is not a federal officer for purposes of a Bivens-type action." Haley, 751 F.2d at 285; see also Weaver v. Frick, 173 F.3d 862, 1999 WL 191413, at *1 (9th Cir. 1999) (unpublished) ("[A]n attorney appointed by the court does not act under color of state or federal law when performing the traditional functions of counsel to a criminal defendant."); Anderson v. Sonenberg,

6

111 F.3d 962, 1997 WL 196359, at *1 (D.C. Cir. 1997) (unpublished) ("[P]ublic defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of Bivens."); Bradford v. Shankman, 772 F.2d 905, 1985 WL 13659, at *1 (6th Cir. 1985) (unpublished) ("[A] private attorney and a federal public defender do not act under color of federal law for purposes of a Bivens action."); Davis v. United States, No. CIV-06-1376-C, 2007 WL 983206, at *6 (W.D. Okla. 2007) (unpublished) (holding a federal public defender is not a federal officer for purposes of a Bivens-type action). Because Hawkins' court-appointed attorneys were not federal officers, Hawkins' Bivens claim fails. Those claims shall be dismissed with prejudice for failure to state a claim.

    **5. Effect of Heck v. Humphrey**

Lastly, the Court finds that Plaintiff's claims challenging actions giving rise to his criminal convictions shall be dismissed without prejudice pursuant to Heck v. Humphrey, 512 U.S. 477 (1994). In large part, Plaintiff essentially alleges that actions by Defendants resulted in his convictions entered in N.D. Okla. Case No. 06-CR-206-CVE. Because relief on these allegations would necessarily undermine the validity Plaintiff's convictions, Plaintiff must first show that the convictions have been invalidated or otherwise set aside before he can seek damages for these defendants' alleged wrongdoing. See Heck, 512 U.S. at 487 (when judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); see also Williams v. Hill, 74 F.3d 1339 (D.C. Cir. 1996) (A criminal defendant may not recover damages in a Bivens action against federal officials who allegedly brought about his or her conviction unless the conviction or sentence has been invalidated or set aside). The holding in Heck

7

applies to Plaintiff's claims in this case. See Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (Heck's favorable termination rule applies "no matter the relief sought . . . [and] no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Because Plaintiff makes no showing that his convictions have been invalidated or otherwise set aside, his claims against any Defendant not protected by sovereign, judicial, or prosecutorial immunity shall be dismissed without prejudice for failure to state a claim.

**C. Third "prior occasion" under 28 U.S.C. § 1915(g)**

Plaintiff has been granted leave to proceed *in forma pauperis*. In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). This dismissal shall count as Plaintiff's third "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury"). [2]

---

[2]The Court's records reflect that in N.D. Okla. Case No. 07-CV-162-TCK-SAJ, Plaintiff was allowed to proceed *in forma pauperis* and his amended complaint was dismissed for failure to state a claim upon which relief may be granted. That dismissal counted as Plaintiff's first "prior occasion" under § 1915(g). In addition, in N.D. Tex. Case No. 07-CV-121-Y, Plaintiff was allowed to proceed *in forma pauperis* and the action was dismissed under § 1915(e)(2)(B)(i) and (ii), as frivolous, malicious, and for failure to state a claim upon which relief may be granted. See https://ecf.txnd.uscourts.gov. Thus, that dismissal qualifies as Plaintiff's second "prior occasion" under § 1915(g).

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to proceed *in forma pauperis* (Dkt. # 2) is **granted**. Plaintiff is obligated to make monthly payments as discussed herein until the $350 filing fee is paid in full.

2. Plaintiff's claims against the United States, the U.S. Department of Justice, the Office of the U.S. Attorney for the Northern District of Oklahoma, the U.S. Public Defender's Office, and the U.S. Bureau of Alcohol, Tobacco, and Firearms are **dismissed with prejudice** as barred by sovereign immunity.

3. Plaintiff's claims against United States District Judge Claire V. Eagan are **dismissed with prejudice** as barred by absolute judicial immunity. Plaintiff's claims against Assistant U.S. Attorney Timothy L. Faerber are **dismissed with prejudice** as barred by absolute prosecutorial immunity.

4. Plaintiff's claims against his court-appointed counsel are **dismissed with prejudice** for failure to state a claim upon which relief may be granted.

5. The complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

6. The Clerk is directed to **flag** this dismissal as Plaintiff's third "prior occasion" for purposes of 28 U.S.C. § 1915(g).

7. A separate judgment shall be entered in this matter.

DATED THIS 1st day of December, 2011.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE